IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CHEYENNE WOLFE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:10-cv-0944 |
| | ) | |
| CLARKSVILLE HEALTH | ) | |
| SYSTEM, G.P. d/b/a GATEWAY | ) | JUDGE HAYNES/BRYANT |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(1)b.1., counsel for the above-referenced parties have prepared a proposed Case Management Order encompassing the discovery plan required by Fed. R. Civ. P. 26(f) and the pertinent matters identified in Local Rule LR16.01(d)(1), (d)(2).

**I.** **Jurisdiction & Venue**

(a) This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. Jurisdiction is not disputed. While Defendant does not contest the Court's jurisdiction over this matter, although it contests subject matter jurisdiction over particular claims to the extent such claims were not included in Plaintiff's charge of discrimination filed with the Equal Employment Opportunity Commission. Venue is not disputed.

(b) **Status of service of process and responsive pleadings:** Plaintiff filed an Amended Complaint asserting cause of action against proper party, Defendant Clarksville Health System, G.P. d/b/a Gateway Medical Center. Defendant was served on December 13, 2010. Plaintiff's original Complaint named the incorrect party. The style of the case should be

hereafter amended to reflect the Defendant named in the Amended Complaint (Clarksville Health System, G.P. instead of CHS/Community Health Systems, Inc. D/B/A Gateway Medical Center).

**Parties' Theories of the Case**

A.  **Plaintiff's Theory**

The Plaintiff, a thirty-six (36) old female, applied for a security officer position with Defendant in March 2008 and again in August 2008. Plaintiff did not receive a response to her employment applications during either time period, so Plaintiff called Defendant to verify that her second application had been received and would be reviewed.

Plaintiff's friend (Ms. Joy Schmidt), a registered nurse ("RN") and employee of Defendant, called the Security Office Supervisor, Mr. Danny Kroeger, to request that Mr. Kroeger interview Plaintiff for the position. Ms. Schmidt informed Mr. Kroeger of Plaintiff's qualifications for the position, including that Plaintiff worked for Wackenhut Security in Nashville, Tennessee, as a security officer. She explained that Plaintiff was looking for a job closer to her residence in Clarksville, Tennessee, where Defendant's hospital is located.

Also, Ms. Schmidt asked Mr. Kroeger if he had any females working in his Department. Mr. Kroeger replied that there were not any female security officers at the facility because it was too difficult for them to handle the "physical aspects of the job." Ms. Schmidt replied and stated that she thought Plaintiff would be "great for the position" and that she could "handle her own" in reference to the physical aspects of the job. Even after his conversation with Ms. Schmidt, Mr. Kroeger remained reluctant to interview Plaintiff. However, Plaintiff called several times

seeking an interview, and finally, Mr. Kroeger granted Plaintiff an opportunity to interview for the open security officer position.

On September 15, 2008, Plaintiff interviewed with Mr. Kroeger, who at all times during the interview, functioned as an employee and authorized agent of Defendant within the scope of his employment as the Supervisor of Defendant's Security Office. During the interview, Mr. Kroeger, failed to provide a proper introduction, conducted the interview in a very casual and nonchalant manner, interviewed Plaintiff in an inappropriate interviewing location, failed to follow the Defendant's standard interviewing procedures, and made several inappropriate comments related to the ability of females to handle the employment aspects of the security officer position.

Approximately one week after her interview, Plaintiff called Mr. Kroeger and inquired into a temporary security officer position with Defendant; however, Mr. Kroeger never called Plaintiff or responded to her follow-up phone messages. Plaintiff was qualified for the position of security officer with Defendant. Mr. Kroeger failed to properly consider Plaintiff for employment and refused to hire her because of her sex (female). Throughout the application and interview process, Mr. Kroeger directly and indirectly expressed his belief that females could not handle the requirements of the security officer position and that he would not consider a female for employment as a security officer. Upon information and belief and based on Mr. Kroeger's statements, Defendant did not employ any female security officers at the time of Plaintiff's interview.

2381167 v1

Plaintiff has filed suit and seeks protection under Title VII of the Civil Rights Act of 1964 as a result of the sex-based discrimination of Defendant. Plaintiff seeks lost wages and benefits, monetary compensation, and punitive damages for how she has suffered as a result of Defendant's sex-based discriminatory actions. Plaintiff's request for damages is more fully outlined in her Amended Complaint.

### B. Defendant's Theory

Plaintiff applied at Gateway Medical Center on or around September 2008 for a Security Specialist position. Plaintiff's application was reviewed by the Security Supervisor and she was interviewed approximately two weeks later. Plaintiff was informed during her interview that the next step in the process was a peer interview with the Director of Facilities Management. Defendant attempted to contact Plaintiff at home and on her cell to return for a peer interview and but no response was received. In addition to Plaintiff, three other individuals were considered for the position. After the interview process was completed, the full-time position was offered to the gentleman who had been performing the job on a PRN (as-needed) basis. A PRN position was offered to another female applicant. Plaintiff was not denied employment because she is a female.

## II. Schedule of Pretrial Proceedings

### A. Rule 26(a)(1) Disclosures.

To the extent the parties have not already done so, the parties shall make their Fed. R. Civ. P. 26(a)(1)(A) through (E) disclosures on or before **January 17, 2011**.

### B. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. Other Pretrial or Discovery Matters

As determined at the case management conference on January 3, 2011, this action is set for a jury trial on May 8, 2012, at 9:00 a.m. If this action is to be settled, the Law Clerk shall be notified by noon on May 4, 2012. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held April 23, 2012, at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **August 12, 2011**. All written discovery shall be submitted in sufficient time so that the response shall be in hand by **August 15, 2011**. All discovery related motions shall be filed by the close of business on **August 31, 2011**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall

- 5 -

2381167 v1

attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions and Daubert motions shall be filed by the close of business on **December 19, 2011**, and any response thereto shall be filed by the close of business thirty (30) days after filing of the motion. Any reply shall be filed by the close of business fourteen (14) days after filing the response.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 9(a), Local Rules of Court shall govern.

By the close of business on **September 30, 2011**, Plaintiff shall declare to Defendant (<u>not</u> to file with the Court) the identity of its expert witnesses and provide all the information specified in Fed. R. Civ. P. Rule 26(a)(2)(B).

By the close of business on **October 31, 2011**, Defendant shall declare to Plaintiff (<u>not</u> to file with the Court) the identity of its expert witnesses and provide all the information specified in Fed. R. Civ. P. Rule 26(a)(2)(B) .

2381167 v1

Any supplements to expert reports shall be filed by the close of business on **November 18, 2011**. There shall not be any rebuttal expert witnesses.

**<u>In order to reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses.</u>**

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline. These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39(c)(6)(c) relating to expert witnesses shall apply in this action, and strict compliance is required.

It is so **ORDERED**.

**ENTERED** this 4th day of January, 2011.

                                         *s/ John S. Bryant*
                                         JOHN S. BRYANT
                                         United States Magistrate Judge

Respectfully submitted,

By: s/ Joycelyn A. Stevenson
    Charles J. Mataya (BPR #12710)
    Joycelyn A. Stevenson (BPR #21710)
    BRADLEY ARANT BOULT CUMMINGS, LLP
    1600 Division Street
    Suite 700
    Nashville, TN 37203
    Office Phone: 615-252-2375
    Fax: 615-252-6375
    Email: jstevenson@babc.com

*Attorneys for Defendant*

Respectfully submitted,

By: s/ Tracey A. Kinslow
    Tracey A. Kinslow (BPR #017098)
    Drescher & Sharp, P.C.
    1720 West End Avenue
    Suite 300
    Nashville, TN 37203
    Office Phone: 615-425-7111
    Fax: 615*425-7110
    Email: tkinslow@dsattorneys.com

*Attorneys for Plaintiff*